UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DONALD CARLOS RUTLEDGE,

Petitioner,

v.

LOUIS STENDER, Warden,

Respondent.

CIVIL NO. 00-1042 (RHK/JMM)

REPORT AND RECOMMENDATION

Petitioner has filed a Petition for Writ of Habeas Corpus [Docket No. 1] pursuant to 28 U.S.C. §2254, claiming that he is being unlawfully incarcerated at the Minnesota Correctional Facility at Moose Lake, Minnesota. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation to District Judge Richard H. Kyle pursuant to the provisions of 28 U.S.C. §636 and Local Rule 72.1(c).

Upon the following Findings of Fact/Report, it is recommended that the Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed.

**FINDINGS OF FACT/REPORT**

On January 17, 1998, Petitioner was convicted in Minnesota district court of first-degree criminal sexual assault, third-degree assault, and making terroristic threats. Petitioner appealed to the Minnesota Court of Appeals, claiming that expert medical testimony had been improperly admitted against him, and that the trial judge had improperly imposed separate concurrent sentences for terroristic threats and third-degree assault after sentencing him for first-degree criminal sexual assault. The Minnesota Court of Appeals rejected Petitioner's expert testimony argument, but found that the trial judge had made an error in sentencing. The court affirmed Petitioner's conviction, but modified it by vacating the sentences for third-degree assault and terroristic threats.

DEC 15 2000
... E. DOSAL, CLERK

Petitioner sought review of this decision in the Minnesota Supreme Court. An Assistant Public Defender filed a Petition for Review on Petitioner's behalf, seeking reversal on the ground that expert medical testimony had been improperly admitted at trial. Petitioner also filed a Supplemental Pro Se Petition for Review, in which he put forth three additional bases on which he requested a new trial. The Pro Se Petition included arguments that the victim had given inconsistent testimony at trial, that Petitioner had received ineffective assistance of counsel, and that the trial judge had made an improper upward departure from suggested sentencing guidelines. The Minnesota Supreme Court summarily denied both Petitions for Review.

On April 25, 2000, Petitioner filed a Petition for Writ of Habeas Corpus with this Court. [Docket No. 1]. He asserts three grounds for relief in his Petition: (1) the victim and Sargent Bernie Martinson perjured themselves during the trial; (2) Petitioner's attorney provided ineffective assistance during trial; and (3) the trial judge inappropriately made an upward departure from suggested sentencing guidelines. Respondent argues that Petitioner's claims are barred because he has failed to exhaust his state court remedies, and that in any event his Petition should not be granted on the merits.

## Discussion

The Court of Appeals for the Eighth Circuit has described the inquiry that must be undertaken by a federal court when deciding a Petition for Habeas Corpus as follows:

> [B]efore we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal claims to the state court. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curium). When the petitioner has failed to do so, we must then determine whether the petitioner has complied with state procedural rules governing post-conviction proceedings, i.e., whether a state court would

> accord the petitioner a hearing on the merits. Harris v. Reed, 489 U.S. 255, 268-70 (1989)(O'Connor, J., concurring). If state procedural rules prevent the petitioner from obtaining such a hearing, then the petitioner is also procedurally barred from obtaining habeas relief in a federal court unless he can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur if we do not review the merits of the petition. Abdullah v. Groose, 75 F.3d 408, 412-13 (8th Cir.), cert. denied, 517 U.S. 1215 (1996).

McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). We must follow this procedure to assess if we may consider the merits of Petitioner's claims.

First, we must determine whether Petitioner has fairly presented his federal claims to the state court. Fair presentation to the state court requires that Petitioner invoke "one complete round of [Minnesota's] established appellate review process." O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1732 (1999). In addition, in order to fairly present a federal issue to the state courts, a petitioner must make the state court aware that he is raising a federal issue. Wyldes v. Hundley, 69 F.3d 247, 251 (8th Cir. 1995)(citations omitted). See also McCall, 114 F.3d at 757 (mere similarity between state law claims and federal habeas claims is insufficient to satisfy the requirement that the state court have the opportunity to address a petitioner's federal claims). While a petitioner need not cite "book and verse" on the federal constitution, he must have "explicitly referred the state courts to the United States Constitution or federal case law." Wyldes, 69 F.3d at 251 (citations omitted). If the federal claims were fairly presented to the state court, we may consider the merits of the claims in a habeas petition.

Even if the federal claims were not fairly presented to the state court, an exception to this requirement exists in certain cases where a petitioner can show that a state court would not entertain his constitutional claims, even if fairly presented. Smittie v. Lockhart, 843 F.2d 295, 297 (presentation requirement will be disregarded as futile if

there is clear manifestation that a state court will not entertain the constitutional claim). However, this exception to the exhaustion requirement applies only if Petitioner can demonstrate cause for his prior failure to present the claim and actual prejudice, or show that a fundamental miscarriage of justice will occur if we do not review the merits of his petition. Smittie, 843 F.2d at 296; McCall, 114 F.3d at 756. A fundamental miscarriage of justice is shown where "it appears that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Wyldes, 69 F.3d at 254 (citations omitted).

Turning to the Petition at issue in this case, the first ground raised by Petitioner is alleged perjury by two witnesses at Petitioner's trial. Petitioner did not raise this issue before the Minnesota Court of Appeals. In his *pro se* Petition to the Minnesota Supreme Court, Petitioner requested the court grant him a new trial because of "blatant perjury" on the part of the same two witnesses.

Our first question is whether the state courts were given a fair opportunity to consider this issue. We cannot say, as is required by the Supreme Court, that Petitioner invoked "one complete round of [Minnesota's] established appellate review process" with respect to his perjury claim. O'Sullivan, 119 S.Ct. at 1732 (1999). Petitioner failed to raise the perjury issue in the trial court or the Minnesota Court of Appeals. Although the Minnesota Supreme Court denied Petitioner's request for review without comment, that court generally will not consider an issue that has not been raised below. Fahrendorff v. North Homes, Inc., 597 N.W.2d 905, 908-9 (Minn. 1999)(citation omitted). In addition, in order to fairly present a federal issue to the state courts, a petitioner must explicitly refer the state courts to the United States Constitution or federal case law. Wyldes, 69 F.3d at 251. Petitioner failed to satisfy this minimum requirement. He made no reference to a

federal right in any of his submissions to the state courts.

Since Petitioner did not fairly present this claim in state court, we must consider whether a state court would consider the issue, *i.e.*, if any non-futile state remedies exist. Smittie, 843 F.2d at 297. Under Minnesota law, once a defendant has directly appealed his sentence, claims for relief not raised in that appeal will not be considered upon a subsequent petition for post-conviction relief. McCall, 114 F.3d at 757 (citing State v. Knaffla, 243 N.W.2d 737 (Minn. 1976)). Petitioner forfeited his perjury claim by failing to raise it in the trial court or in the first stage of his appeal. In addition, Petitioner appealed his sentence to the Minnesota Court of Appeals and then to the Minnesota Supreme Court without raising any federal grounds for relief. Petitioner has waived his federal claims because he failed to raise them on direct appeal, and therefore no further non-futile remedies exist for him in the Minnesota state courts. McCall, 114 F.3d at 757.

As Petitioner as shown that no state court remedies remain with respect to his claim of perjury, we turn to the question of whether Petitioner has shown cause for the default. By way of showing cause, Petitioner suggests that he wanted the issue of perjury to be raised in the Minnesota Court of Appeals, but his attorney failed to do so. To support his assertion, Petitioner has submitted copies of three letters sent to him by Sharon E. Jacks, the Assistant State Public Defender who represented Petitioner in connection with his state court appeals. Exs. 1-3 to Petitioner's Rebuttal. However, according to these letters, Petitioner was afforded the opportunity to raise additional issues in the Minnesota Court of Appeals if he so desired. In the letter dated November 4, 1998, Ms. Jacks wrote that she could not add a "statement" suggested by Petitioner to the court brief, but that if he wished to submit his own brief, he could prepare something and send it to her, and she would put it in proper form and file it with the court. Apparently, Petitioner chose not to

send anything to Ms. Jacks stating additional grounds for appeal. Petitioner's suggestion that he was prevented from raising additional issues in the Minnesota Court of Appeals is not persuasive.

Petitioner has not shown a cause for his failure to raise a perjury claim in state court which would compel this Court to consider the merits of his current perjury claim. As Petitioner has failed to show cause for the procedural default, we need not determine whether he has suffered actual prejudice. See Wyldes, 69 F.3d at 253-54 (citations omitted).

Even though Petitioner has failed to show cause for his procedural default, we may consider the merits of his perjury claim "if he can 'demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice.'" Wyldes, 69 F.3d at 254 (citations omitted). This narrow exception is applicable where "it appears that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Wyldes, 69 F.3d at 254 (citations omitted).

In order for the Court to consider the procedurally defaulted ground that Petitioner asserts, he must: (1) "support his allegations of constitutional error with new reliable evidence that was not presented at trial, . . . [and (2)] prove that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Wyldes, 69 F.3d at 254 (citing Schlup v. Delo, 115 S.Ct. 851, 865, 867 (1995))(additional citations omitted). When considering this issue, we are mindful of the Supreme Court's observation that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." Schlup, 115 S.Ct. at 865.

Petitioner has not presented any new evidence with respect to his claims of perjury. He has merely highlighted what he considers to be inconsistent and/or inaccurate

testimony from his trial. All of this evidence was before the trial court, and the jury. Petitioner has procedurally defaulted on his perjury ground, and he has not demonstrated that failure to consider his perjury claim will result in a fundamental miscarriage of justice.

As his second ground for relief, Petitioner asserts that he was denied effective assistance of counsel at trial. Petitioner bases this claim on the fact that his trial counsel (1) failed to introduce evidence at trial that Petitioner had previously been accused of assaulting the same victim (Spriegl evidence), and (2) accused Petitioner of stealing his pen in front of the jury.

This ground asserted by Petitioner suffers from the same defect as his perjury claim - it was not presented to the Minnesota Court of Appeals. As with the perjury claim, Petitioner's ineffective assistance counsel claim was not fairly presented to the state courts. Also, as with the perjury claim, Petitioner has no further non-futile remedies available to him in state court. Petitioner has not shown cause for his failure to present this issue in the first stage of his state court appeal. We turn then to the question of whether failure to address the merits of the claim would result in a fundamental miscarriage of justice.

Petitioner's unsubstantiated allegations about his attorney's pen are not "new evidence." If there was a disagreement over a pen, it happened in the presence of the trial court and presumably was dealt with at that time.

Plaintiff's argument regarding Spriegl evidence is that his attorney sought to have this evidence excluded at trial. Apparently, Petitioner was arrested for assaulting the same victim on a prior occasion.[1] Petitioner believes this evidence, if admitted, would

---

[1] Petitioner was not convicted of this offense. The record is not clear as to why the case was

have been helpful to his defense, because it "would have proven to the jury that [the alleged victim] gets angry, calls the cops, and lies just so she can get someone in trouble with the law."

It is not at all likely that a reasonable juror, faced with this "new" evidence, would have found Petitioner not guilty. The fact that the prosecutor sought to enter this evidence against Petitioner is strong support for the conclusion that it would not have been helpful to Petitioner's case, a conclusion that is also supported by common sense. Petitioner's argument, that evidence of his prior arrest would show the victim to be a liar, misses the obvious point that the prior arrest could suggest to the jury that Petitioner made a habit of assaulting this particular woman. Petitioner has not shown that a fundamental miscarriage of justice will occur if we do not consider the merits of his ineffective assistance of counsel argument.

Finally, Petitioner argues that the trial court made an improper upward departure from sentencing guidelines when it sentenced him to 129 months, because he claims that prosecution witnesses told inconsistent stories, and the trial court used the elements of the offense as its reason for the upward departure. The analysis applied to the other two grounds asserted in the Petition apply equally to this claim for relief.

This issue was not presented to the Minnesota Court of Appeals, and therefore has not been through one complete round of the state appellate process. In addition, Petitioner did not assert that the upward departure violated his federal rights,

---

dismissed, but it appears that the case did not go to trial.

either in his state court submissions or in his habeas petition.[2] The Minnesota state courts did not have the opportunity to address a challenge to Petitioner's sentence based on federal law, if in fact such a challenge even exists. Petitioner has not shown cause for this procedural default. The narrow fundamental miscarriage of justice exception to a procedural bar does not suggest a different conclusion. The ground for relief asserted deals only with the sentence imposed upon Petitioner, not the finding that Petitioner was guilty of the crimes charged, and would not be impacted by new evidence that Petitioner was innocent of the crimes. See Wyldes, 69 F.3d at 254 (fundamental miscarriage of justice exception applies where person convicted was probably innocent of the crime). Regardless, Petitioner has presented no such new evidence.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the Petition for Writ of Habeas Corpus be dismissed.

Dated: December 15, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **December 26, 2000** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

---

2 We note that, even if Petitioner had attempted to raise a federal issue with respect to his sentence, it is unlikely that he would have succeeded. See Niemann v. Parratt, 596 F.2d 316, 317 (8th Cir. 1979)(citations omitted)(ordinarily, rules of sentencing adopted by state courts do not raise federal constitutional issues).