UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Donald Carlos Rutledge

Petitioner,

Civil No. 00-1042 (RHK/JMM)

vs.

**ORDER**

Lou Stender, Warden,

Respondent.

---

On December 28, 2000, this Court adopted the Report and Recommendation of Magistrate Judge John M. Mason and dismissed the Petition for Writ of Habeas Corpus. Petitioner has now filed a Notice of Appeal and a Motion for Issuance of Certificate of Probable Cause for Appeal.

A state prisoner may not appeal a final order in a proceeding under 28 U.S.C. § 2254 without first securing a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Federal district courts cannot grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2) (emphasis added); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A certificate of appealability will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of certificate under 28 U.S.C. § 2253."). Instead,

FILED JAN 12 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432, 111 S. Ct. 860, 862 (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Petitioner contends that he is entitled to a certificate of appealability on his claims of perjury and ineffective assistance of counsel. These claims were fully addressed by Magistrate Judge Mason in his December 15, 2000 Report and Recommendation and were found to be without merit. This Court agreed with Magistrate Judge Mason's recommended dismissal. Petitioner's claims of error are not the kind of claims that are "debatable among reasonable jurists." Flieger, 16 F.3d at 882-83. Petitioner's claims do not present any novel or noteworthy questions of law that would warrant appellate review. "[H]abeas relief is warranted only if the [trial court's error] contains a fundamental defect resulting in a complete miscarriage of justice." Roberts v. Bowersox, 137 F.3d 1062, 1068 (8th Cir. 1998) (citing Martin v. Norris, 82 F.3d 211, 217 (8th Cir. 1996)), cert. denied, 119 S. Ct. 808 (1999). Because Petitioner has failed to show how the issues about which he complains contain any such defect or how reasonable jurists could disagree with this Court's analyses of these claims, the Court concludes that he is not entitled to a certificate of appealability.

For the reasons set forth above, the Court concludes that Petitioner has not made "a substantial showing of the denial of a constitutional right" with regard to any of the issues that he seeks to raise on appeal. Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion for Issuance of Certificate of Probable Cause for Appeal (Doc. No. 12) is **DENIED**.

Dated: January 12, 2001

RICHARD H. KYLE
United States District Judge